UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Rufus Julius Cornelius Anderson, *a/k/a Rufus Julius C. Anderson*, *a/k/a Rufus J. Anderson*, | ) ) ) ) | C/A No. 6:17-cv-03239-DCC |
| Plaintiff, | ) ) ) | ORDER |
| vs. | ) ) | |
| Greenville Health System, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on Defendant's Motions to Dismiss and for Sanctions and Plaintiff's Motions for Protection or Restraining and to Strike. ECF Nos. 27, 42, 47, 50. All applicable responses and replies have been filed. ECF Nos. 35, 37, 38, 44, 51, 53. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On August 21, 2018, the Magistrate Judge issued a Report recommending that Defendant's Motion to Dismiss be granted, Plaintiff's Motion for Protection or Restraining be found as moot, Plaintiff's Motion to Strike be denied, and Defendant's Motion for Sanctions be denied. ECF No. 55. Plaintiff filed objections to the Report, and Defendant filed a Reply. ECF Nos. 59, 62.

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

*Motion to Dismiss*

The Magistrate Judge provides a thorough recitation of the relevant facts and applicable law with respect to Defendant's Motion to Dismiss which the Court incorporates into this Order by reference. The Magistrate Judge found that Plaintiff's allegations are insufficient to state a claim for retaliation that is plausible on its face. She determined that it is implausible to believe that Defendant had any impact on the garnishment of Plaintiff's wages when Plaintiff was not employed by Defendant at the time. Plaintiff objects on the

basis that the Title VII[1] protects current and former employees from retaliation. While Plaintiff is correct that Title VII's anti-retaliation protections apply to current and former employees, he has not alleged any facts that would support his claim that Defendant could have garnished his wages when he was no longer its employee. Plaintiff further fails to allege any plausible facts in support of his conclusion that his wages were garnished because he filed a lawsuit alleging employment discrimination. Accordingly, this objection is overruled.

Plaintiff also seems to object to the Magistrate Judge's use of the "but-for" standard of causation in evaluating his Title VII retaliation claim.[2] The Court finds that the Magistrate Judge applied the relevant applicable law in making her recommendation. *See Univ. of Tx. SW Med. Ctr. v. Nassar*, 570 U.S. 338 (2013) (holding that the but-for standard of causation applies to Title VII retaliation claims); *Stanley v. Gruenberg*, 575 F. App'x 153, 155 (4th Cir. 2014) (applying the but-for standard to a retaliation claim under the ADA). Accordingly, Plaintiff's objection is overruled.[3]

---

[1] The Court notes that Plaintiff brought this action pursuant to Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act. Plaintiff's objections to this portion of the Report only mention Title VII.

[2] Plaintiff also rehashes the same facts presented to the Magistrate Judge and generally alleges that he has presented evidence sufficient to survive a motion to dismiss. To the extent that this constitutes a specific objection by a pro se Plaintiff, the Court has conducted a de novo review of the record and overrules this objection.

[3] The Court notes that Plaintiff states in his objections that "both entities are liable, the employer for retaliation in violation of the antiretaliation provisions and The SCPP&P services agent under 1983"; however, there is only one Defendant in this action.

*Motion for Sanctions*

The Magistrate Judge provides a thorough recitation of the relevant facts and applicable law with respect to Defendant's Motion for Sanctions which the Court incorporates into this Order by reference. In the Report, the Magistrate Judge found that this action was frivolous in light of Plaintiff's prior lawsuit that was dismissed for alleging a similar implausible claim. ECF No. 55 at 8 (citing *Anderson v. Greenville Health System*, C/A No. 6:16-cv-1051). She determined that the retaliation claim in the present action is lacking in any legal basis and is violative of Federal Rule of Civil Procedure 11(b)(2). The Magistrate Judge then found that, in light of Plaintiff's pro se status, it would be appropriate to warn Plaintiff of the possible consequences before ordering or recommending sanctions. She recommended denying the motion and explicitly warned Plaintiff that filing future frivolous actions may result on appropriate sanctions against Plaintiff, including sanctions available under Rule 11.

Plaintiff seems to generally object to the Magistrate Judge's warning by arguing that he is permitted to engage in protected activity. The Court finds that while Plaintiff is, of course, permitted to engage in protected activity, the issue at hand is the filing of a frivolous complaint. After a de novo review of the record and the applicable law, the Court agrees that the Complaint in this action is frivolous. *The Court reiterates to Plaintiff that the filing of future frivolous actions may result in appropriate sanctions against Plaintiff, including sanctions available under Rule 11.* Plaintiff's objection is overruled.

*Remaining Motions*

Neither party objects to the Magistrate Judge's recommendations regarding Plaintiff's Motions for Protection or Restraining and to Strike. ECF Nos. 42, 47. After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the Report's recommendation.

## **CONCLUSION**

Therefore, the Court adopts the recommendation of the Magistrate Judge and overrules Plaintiff's objections. Defendant's Motion to Dismiss [27] is **GRANTED**, Plaintiff's Motion for Protection or Restraining [42] is **FOUND as MOOT**, Plaintiff's Motion to Strike [47] is **DENIED**, and Defendant's Motion for Sanctions [50] is **DENIED**.

IT IS SO ORDERED.

| | |
|---|---|
| March 6, 2019 | s/Donald C. Coggins, Jr. |
| Spartanburg, South Carolina | United States District Judge |

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.